22935. BUFFORD et al. v. BUFFORD.

SUBMITTED APRIL 13, 1965—DECIDED MAY 6, 1965.

*Walton Hardin,* for plaintiffs in error.

*Wilbur A. Orr, Jr.,* contra.

GRICE, Justice. The denial of a motion for new trial in a partition proceeding is the ruling upon which error is assigned here.

The litigation began when S. A. Bufford filed a petition in the Superior Court of Wilkes County against Hubert Bufford and nine other persons, seeking to partition a 20 acre tract of land. The petition alleged that the land was of such size and shape

14

and the interests of the parties were of such proportions as would make it impractical to divide it in kind. The petition prayed, in addition to process and general relief, that the court decree that the plaintiff owned a six-sevenths interest in the 20 acre tract and the 10 defendants jointly owned a one-seventh undivided interest or a one-seventieth interest each, and that the court appoint commissioners to sell such property and divide the proceeds among the parties as their interests may appear.

The defendants answered by denying the essential allegations of the petition, including title of the plaintiff, claiming reimbursement for certain improvements made by named defendants, and averring that the property could be divided in kind by allotting a six-sevenths interest to the plaintiff and a one-seventh interest to them.

Upon the trial, the jury found in favor of the plaintiff and that the property be sold.

The motion for new trial as amended included the general and three special grounds. The latter complained of two portions of the charge of the court and of its failure to charge as specified. All of the grounds were overruled. Reference to each follows.

■ The general grounds of the motion were expressly abandoned by the plaintiffs in error in their brief, and therefore will not be considered.

■ The first special ground complained of the charge that the plaintiff "contends . . . that he has possession and charge and ownership of six-sevenths interest." The defendants urge that this was contrary to the facts as there was no allegation by the plaintiff nor any evidence as to his having possession or charge of the property in question. We agree that there was no such allegation or evidence. However, this charge was not harmful to the defendants. Possession or charge over the property was not an issue here. The plaintiff based his claim to partition upon *ownership* acquired by deed, not by any possession, adverse or otherwise. Partition is a remedy where "two or more persons are common owners" of property. *Code* § 85-1504. The plaintiff here alleged his ownership of a six-sevenths interest, and this was undisputedly established. This ground is not meritorious.

■ The second special ground asserted that the court erred in

charging that ". . . if you find from a consideration of the evidence, after taking into consideration the value of the improvements upon the property, the value of the respective portions of said land after partition, that the value of the entire tract will not be depreciated by partition, then, in that event, the form of your verdict would be . . ." This ground of the motion contended that there was no evidence of any improvements on the property, and that this charge gave the plaintiff the benefit of an issue unsupported by the evidence. We cannot agree with that contention. The undisputed evidence was that a wire fence surrounded the 20 acre tract, and that there was a seven room dwelling upon it. The only dispute as to improvements was the condition of this house, which the plaintiff testified was "all right to live in." This ground was properly overruled.

■ The third special ground urged that the court erred in not charging *Code* § 85-1511, even without written request, since this was a case of partition and no definition of partition was charged so as to inform the jury of the real issues.

This section, in material part, provides that "Whenever application is made for partition of lands and tenements, and . . . [it] shall . . . appear to the court that a fair and equitable division . . . cannot be made by means of metes and bounds, by reason of improvements made thereon . . . or that the value of the entire lands and tenements will be depreciated by the partition applied for, the court shall order a sale of such lands and tenements . . ."

In the charge which was given, the trial judge, at the outset, explained the nature of the proceeding, stating the diverse contentions of the parties as to sale or division in kind of the property. Then he gave the following in charge: ". . . if you find . . . that the twenty-acre tract, alleged in the petition to be owned as tenants in common by the plaintiff and the defendants, cannot be fairly and equitably divided by metes and bounds by reason of improvements on the land, or that the value of the entire tract will be depreciated by partition, then I charge you . . . to return your verdict . . . [in favor of the plaintiff and that the land be sold]. Then, this court, in the exercise of powers granted to it by law, will order a sale of the land . . ." Following this, the trial judge charged as to the oppo-

site finding, stating the appropriate form for that verdict and the consequent order of division in kind. In conclusion, he repeated the diverse forms of verdict and the effect of each.

The foregoing charge gave the substance of *Code* § 85-1511. If the plaintiffs in error desired a verbatim instruction of that section, they should have made a timely written request. No error is shown, and this ground was not meritorious.

The judgment denying the amended motion for new trial is

*Affirmed. All the Justices concur.*